# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER GRIFFIN, HARRY ROBINSON,
HAROLD ROBINSON, I. GRIFFIN,
JOHN DOE, and JANE DOE,

        Plaintiffs,

      -vs-                                        Case No. 15-CV-1462

JEFF ZIENTEK, et al.,

        Defendants.

# DECISION AND ORDER

      The plaintiffs, who are proceeding *pro se* on behalf of themselves and the government, have filed a putative class action under 42 U.S.C. § 1983, alleging that the defendants engaged in a pattern of civil rights violations against African Americans. The defendants "are all directly and or indirectly law enforcement or employed within the [Milwaukee County] criminal justice system." (ECF No. 1 at 10.) This matter is currently before the Court for screening of the plaintiffs' complaint.

      Because the plaintiffs, more than one of whom is a current or former prisoner, seek redress from officers and employees of a governmental entity, the Court must first review the complaint pursuant to 28 U.S.C. § 1915A. This statute requires the Court to dismiss a complaint if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that,

- 2 -

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

As a threshold matter, the Court notes that the plaintiffs have designated themselves as relators, meaning that they purport to bring this lawsuit, in part, on behalf of the United States as "private attorney general[s]." (ECF No. 1 at 1.) However, "to maintain a suit on behalf of the government, [a] relator . . . has to be either licensed as a lawyer or represented by a lawyer . . . ." *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013). The plaintiffs, who "are not professional attorneys" (ECF No. 1 at 21), are neither, and may not bring this lawsuit as relators.

- 3 -

The plaintiffs also seek to represent a class of similarly situated persons. Fed. R. Civ. P. 23. (See ECF No. 1 at 24-27.) Under Rule 23(a)(4), a named plaintiff must be able to provide the class with adequate representation. A critical factor in determining the adequacy of representation is the plaintiffs' attorney's qualifications, experience, and ability to conduct the litigation. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993); see *Gomez v. Illinois State Bd. of Education*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, plaintiffs acknowledge that they "are not professional attorneys," and only allege that they "*will* retain competent, experienced counsel with the resources and appropriation to represent the proposed class." (ECF No. 1 at 21, 27) (emphasis added). In short, the plaintiffs acknowledge that they are not qualified to represent a class on their own and that they do not currently have counsel. Accordingly, the Court will deny class certification at this time. The plaintiffs may renew their request for class certification once they retain counsel, and the Court will consider their request at that time.

Finally, "[p]ersons may join in one action as plaintiffs if (a) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A-B). However, the Seventh

Circuit Court of Appeals has emphasized that, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

The Court has broad discretion to determine when joinder is appropriate. See *Thomspon v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994). Both the requirements of Rule 20(a) must be satisfied; however, the standard is flexible to enable courts "to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding . . . ." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653 (3d ed. 2001).

Here, the Court cannot determine whether the plaintiffs' claims are properly joined because none of the plaintiffs state a claim upon which relief can be granted. The plaintiffs' complaint contains little more than legal conclusions and the elements for various causes of action. To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Twombly*, 550 U.S. at 570. The few factual allegations

- 5 -

the plaintiffs do include are not directed at any particular defendant but speak generally of "various defendants" or "several of the defendants." (ECF No. 1 at 11-14.) This approach is insufficient to provide each defendant with fair notice of what the claim asserted against him/her is or the grounds upon which the claim rests.

The Court will allow the plaintiffs to file an amended complaint, if they so choose. The plaintiffs must use the Court's civil complaint form, a copy of which is included with this order. To state a claim, each plaintiff must identify individual defendants and specify the manner in which each particular defendant's actions (or inaction) violated each plaintiff's constitutional rights. If the plaintiffs demonstrate that their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and there are common questions of law or fact, the Court will permit the plaintiffs to proceed in a single action.

As the plaintiffs consider whether to file an amended complaint, the Court cautions them that pursuant to *Boriboune*, each plaintiff will be held legally responsible for the complaint and other filings made in the case on his or her behalf, and the representations made in those filings. See Fed. R. Civ. P. 11; *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Accordingly, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if sanctions are ever found to be warranted. *Boriboune*, 391 F.3d at 854-55. Similarly,

the "three-strikes rule," will apply to "all claims in the complaint, whether or not they concern" an individual plaintiff personally. *Id.* at 855. Thus, each plaintiff stands to incur a strike pursuant to 28 U.S.C. § 1915(g) if the action is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. *Id.* Finally, should the Court determine that unrelated claims should be severed, the plaintiffs will be required to prosecute their claims in separate actions; a separate filing fee must be paid for each new action.

An amended complaint, if the plaintiffs choose to file one, must be filed on or before **January 16, 2016**. Failure to file an amended complaint within this time period will result in dismissal of this action for failure to prosecute.

The plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that on or before **January 16, 2016**, the plaintiffs, if they so choose, may file an amended complaint on the Court's civil complaint form curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that if the plaintiffs choose not to file an amended complaint by **January 16, 2016**, this action will be dismissed for failure to prosecute.

**IT IS ALSO ORDERED** that the Clerk of Court shall send a copy of the Court's civil complaint form to each plaintiff with this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Harry Robinson is confined and the Milwaukee County Sheriff. A copy should also be sent to Maricela Castillo and Mary Wenten at the Milwaukee County House of Correction.

**IT IS FURTHER ORDERED** that the plaintiffs shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2015.

**BY THE COURT:**

s/ Pamela Pepper
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**