# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER GRIFFIN, HARRY ROBINSON, HAROLD ROBINSON, I. GRIFFIN, JOHN DOE, and JANE DOE,**

    Plaintiffs,

    -vs-                              Case No. 15-CV-1462

**JEFF ZIENTEK, et al.,**

    Defendants.

# DECISION AND ORDER

On December 8, 2015, the plaintiffs, who are *pro se*, purported to file a "*qui tam*" lawsuit. A *qui tam* lawsuit is one "in which a private person, generally hoping for a bounty . . . seeks to obtain monetary relief for a government, in this case the federal government, to compensate the government for a legal wrong done to it." *Geogarkis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013). But, to maintain a suit on behalf of the government, the plaintiff "has to be either licensed as a lawyer or represented by a lawyer . . . ." *Id*. The plaintiffs are neither, and so the Court decided on December 16, 2015, that they could not proceed with their lawsuit in a representative capacity.

Because a non-lawyer can't handle a case on behalf of anyone but himself, the Court determined that the plaintiffs could proceed only in

their individual capacities. Also, because at least one of the plaintiffs was a prisoner as defined in the Prisoner Litigation Reform Act, the Court screened the plaintiffs' complaint as required by 28 U.S.C. § 1915A. The Court determined that none of the plaintiffs stated a claim and gave them the opportunity to file an amended complaint.

The plaintiffs did not avail themselves of this opportunity. Instead, they filed a motion "pursuant to 28 U.S.C. § 2284(c)(3) for review by three-judge court of orders of single judge entered on December 16, 2015." (ECF No. 3.) Section 2284 allows for a district court of three judges to be convened only in very specific and limited circumstances, none of which are present in this case. The Court therefore denies their request; however, it will construe the plaintiffs' motion more generally as a motion for reconsideration.

A court may relieve a party from an order under Federal Rule of Civil Procedure 60(b) for several reasons, including mistake, excusable neglect, newly discovered evidence, fraud, and misconduct by an opposing party. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quoting *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005)).

The Court finds that the plaintiffs fail to satisfy the standards of Rule 60(b). While it is clear that they are disappointed, their disagreement with the Court's decision is not a sufficient basis to warrant the relief they seek.

The Court will give the plaintiffs one final opportunity to amend their complaint in accordance with its December 16, 2015 order. If the plaintiffs choose not to amend their complaint by the deadline below, the Court will dismiss their action without further notice.

Finally, on December 21, 2015, Joanne Hardtke, Stephanie Rothstein, Carolina Stark, and Megan Williamson filed a motion to dismiss. (ECF No. 4.) Because the Court has already decided that the plaintiffs failed to state any claims in their original complaint, this motion is moot. As the plaintiffs' consider whether to file an amended complaint and against which defendants to file it, the Court encourages the plaintiffs to consider the arguments set forth in the motion.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion "for review by three-judge court of orders of single judge" (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that, within **fourteen days** of this order, the plaintiffs, if they so choose, may file an amended complaint on

the Court's civil complaint form curing the defects in the original complaint as described in the Court's December 16, 2015 order.

**IT IS FURTHER ORDERED** that if the plaintiffs choose not to file an amended complaint by the deadline, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the motion to dismiss (ECF No. 4) filed by Joanne Hardtke, Stephanie Rothstein, Carolina Stark, and Megan Williamson is **DENIED** as moot. These individuals may refile their motion, if appropriate, should the plaintiffs file an amended complaint.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**