# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER GRIFFIN, HARRY ROBINSON, HAROLD ROBINSON, I. GRIFFIN, JOHN DOE, and JANE DOE,**

      Plaintiffs,

      -vs-                                            Case No. 15-CV-1462

**JEFF ZIENTEK, et al.,**

      Defendants.

## DECISION AND ORDER

On February 10, 2016, the plaintiffs, who are representing themselves, filed a motion for venue transfer to the "Judicial Panel on [M]ultidistrict Litigation" in Washington, D.C. (ECF No. 7.)

The plaintiffs argue that "removal is proper" pursuant to 28 U.S.C. § 1441 because their case "is founded on claims and rights arising under the United States Constitution, treaties and/or laws of the United States . . . ." (ECF No. 1.) Section 1441 deals with the removal of lawsuits filed in state court to a United States district court and is not applicable here because the plaintiffs' case is already pending in a United States district court.

28 U.S.C. § 1404, which the plaintiffs also rely on, allows a court, "for the convenience of parties and witnesses [and] in the interest of

justice," to transfer a case to another district if the case might have been brought there originally or if the parties consent to the transfer.

On December 16, 2015, and again on January 26, 2016, the Court informed the plaintiffs that they failed to state a claim in their original complaint. (ECF Nos. 2, 6.) The Court first gave them until January 16, 2016, to file an amended complaint and then, without request from the plaintiffs, extended the deadline to file an amended complaint to February 9, 2016. The Court warned the plaintiffs in both orders that if they chose not to file an amended complaint by the deadline, the Court would dismiss the lawsuit based on their failure to prosecute.

The plaintiffs chose not to file an amended complaint, but instead filed a motion to transfer the case to another venue. The Court cannot decide whether it is appropriate to transfer this case to another district because there is no pending complaint. The Court has given the plaintiffs ample opportunity to file an amended complaint; it is clear to the Court that they do not desire to do so.

Civil Local Rule 41(c) provides that whenever it appears a plaintiff is not prosecuting an action diligently, the Court may dismiss the action with or without prejudice. A petition for reinstatement establishing good cause for any delay may be filed within twenty-one days of dismissal under

this rule. In light of the plaintiffs' failure to follow the Court's repeated instructions to file an amended complaint, it appears that this action is not being pursued diligently.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for venue transfer (ECF No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice pursuant to Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that any petition to reopen from the plaintiffs must be accompanied by an amended complaint and an explanation showing that their tardy filing should be excused in the interest of justice.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**